James H. Perkins, Appellant, *v.* The Commercial Advertiser Association, Respondent.

*Change of venue — a stipulation extending the time to answer not a consent to the venue named in the summons..*

In an action in which both parties resided in the city of New York, the plaintiff gave the defendant twenty days' further time to plead, on condition that the date of issue should remain the same. At the end of that time the defendant served its answer, and with it a demand for a change of venue. The plaintiff claimed that the defendant by the stipulation extending its time to answer had waived its right to demand a change of venue.

*Held,* that such extension was not a consent to the trial of the action in the county named in the summons and complaint, and that a motion made to change the place of trial before the service of the answer was regular.

Appeal by the plaintiff, James H. Perkins, from an order of the Supreme Court, made at the Queens County Special Term and entered in the office of the clerk of the county of Queens on the 17th day of April, 1895, which changed the place of trial of the action from the county of Queens to the county of New York.

The plaintiff in the above-entitled action designated in the summons and complaint the county of Queens as the place of trial of the action. He gave the defendant twenty days further time to plead, on condition that the date of issue should remain the same. At the end of that time the defendant duly served its answer, and with the answer a demand for a change of venue from the county of Queens to the county of New York. The plaintiff claimed that the stipulation extending the defendant's time to answer constituted a waiver on its part of the right to demand a change of venue.

*Joseph Fitch,* for the appellant.

*Edward Kent,* for the respondent.

Dykman, J.:

This is an appeal from an order changing the place of trial from the county of Queens to the city and county of New York. It is conceded that both the parties reside in the county of New York. That the plaintiff gave the defendant twenty days further time to plead on condition that issue should remain of the original date of

February eighth, and it is claimed that that extension was a consent to the trial of the action in the county named in the summons and complaint. The position of the appellant is untenable. Under the stipulation the date of the issue when it was formed was to be the eighth day of February, but the time of joining issue was when the answer was served. As the motion was made before that time, it was regular and within the statute.

The order should be affirmed, with ten dollars costs and disbursements.

BROWN, P. J., and PRATT, J., concurred. .

Order affirmed, with ten dollars costs and disbursements.